IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VIKKI R. COLEMAN,  <br>    Plaintiff,  <br>vs.  <br>  <br>SWIFT TRANSPORTATION,  <br>    Defendant. | )  <br>)  <br>) No. 3:23-CV-1729-G-BH  <br>)  <br>)  <br>) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's motion for default judgment, filed November 6, 2023 (doc. 15), should be **DENIED**.

### I.  BACKGROUND

On August 3, 2023, the plaintiff filed this *pro se* employment discrimination action against the defendant and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 4.)  She was granted IFP status, and service of process on the defendant was ordered, on August 23, 2023. (*See* doc. 8.)  According to a return filed by the United States Marshal's Office, the defendant was served on September 8, 2023. (*See* doc. 11.)  On November 6, 2023, the defendant filed its answer. (*See* doc. 12.)  That same day, the plaintiff moved for entry of default judgment. (*See* doc. 15.)  The defendant filed a response on November 8, 2023, in which it contended that it had been improperly named in the complaint, and that it had not been properly served. (*See* doc. 16.)

### II.  DEFAULT

The plaintiff  moves for entry of default judgment based on the defendant's alleged failure to timely file an answer to her complaint.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the defendant has defended the case by filing an answer. Because it has appeared and defended the case, there is no basis for the Clerk of Court to enter a default under Rule 55(a), even if the plaintiff had requested entry of default, which she did not. Without a prior entry of default, a party has no basis to seek a default judgment. Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)(per curiam)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

Because the defendant has defended this action, and no default has been entered, entry of default judgment is not warranted.

## III.  RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED this 9th day of November, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE