IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIKKI R. COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1729-G-BN |
| | § | |
| SWIFT TRANSPORTATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART APPLICATION FOR ATTORNEY'S FEES AND COSTS**

In this lawsuit that Senior United States District Judge A. Joe Fish has

referred to the undesigned United States magistrate judge for pretrial management

under 28 U.S.C. § 636(b) and a standing order of reference, Defendant Swift

Transportation filed two motions to compel: one on January 30, 2024, seeking

interrogatory answers from *pro se* Plaintiff Vikki R. Coleman, *see* Dkt. Nos. 25-27,

and another, on February 6, 2024, to compel Coleman to produce documents, *see* Dkt.

Nos. 28-30.

The parties resolved the January 30 motion to compel, which the Court then

denied as moot. *See* Dkt. Nos. 33-35.

And, through an electronic order entered on March 4, 2024, the Court granted

Swift's February 6 motion to compel, ordering "Coleman to, by Tuesday, March 26,

2024, serve on Swift's counsel complete responses (without objections) to all of the

requests for production in Defendant's First Set of Requests for Production and

produce all unproduced documents and electronically stored information that are

responsive to the requests and that are in Coleman's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements." Dkt. No. 36. The Court then found that

> Federal Rule of Civil Procedure 37(a)(5)(A) requires [it] to order payment of the movant's reasonable expenses in making a motion to compel, including payment of attorneys' fees, when a motion to compel is granted. But Rule 37(a)(5)(A) also requires the Court must give Coleman an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. *See* FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). The Court finds that Swift filed this motion only after attempting to obtain the discovery without court action and that the first exception does not apply here. *See* FED. R. CIV. P. 37(a)(5)(A)(i).
>
> But the Court will grant Coleman an opportunity to, by Tuesday, April 2, 2024, file a response explaining why the Court should not, under Rule 37(a)(5)(A), require Coleman to pay Defendant Swift Transportation's reasonable expenses and attorneys' fees incurred in having its counsel prepare and file its Motion to Compel Document Production from Plaintiff [Dkt. No. 28] and to fully explain whether either of the other two exceptions under Rule 37(a)(5)(A)(ii)-(iii) applies. *See* FED. R. CIV. P. 37(a)(5)(A) (providing that "the court must not order this payment if: (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust").
>
> If Coleman files this response, Swift may, by Tuesday, April 23, 2024, file a reply in support of an award under Rule 37(a)(5)(A), which reply must be limited to addressing whether any exception under 37(a)(5)(A)(i)-(iii) should preclude an award of expenses. The reply need not and should not include any affidavits or declarations supporting a lodestar determination for a fee award. If, based on this response and reply, the Court determines to award expenses, the Court will issue a separate order directing the filing of materials to determine the amount of any award.

*Id.* (cleaned up).

Swift then filed, on March 27, 2024, a motion seeking "an Order compelling Plaintiff Vikki Coleman to appear before the Court and show cause why she should not be sanctioned for her failure/refusal to comply with the [order granting the motion

to compel]." Dkt. Nos. 37-39.

Without the Court ordering it to do so, Swift next filed two status reports after Coleman failed to file a response by April 2. *See* Dkt. Nos. 40 & 41.

And the Court granted in part and denied in part Swift's March 27 motion through an electronic order on June 7, 2024, which concluded:

> Finally, Coleman did not file a response regarding whether she should be required to pay Swift's expenses under Rule 37(a)(5). The Court now finds that Coleman's failures to respond to Swift's discovery requests, on the basis of which the Court granted the motion to compel, were not "substantially justified" and that no other circumstances make an award of expenses under Rule 37(a)(5) unjust.
>
> The Court will award expenses under Rule 37(a)(5)(A) by requiring Plaintiff Vikki R. Coleman pay Defendant Swift Transportation its reasonable attorneys' fees and costs incurred in preparing and filing its Motion to Compel Document Production from Plaintiff [Dkt. No. 28].
>
> Swift must, by no later than Monday, July 15, 2024, file an application for attorneys' fees and costs that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees (as described above) to be awarded under Rules 37(a)(5)(A). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002).
>
> Coleman must file a response to the application by Monday, August 5, 2024, and Swift must file any reply by Monday, August 19, 2024.

Dkt. No. 42.

Swift filed its application, Coleman responded, and Swift replied. *See* Dkt. Nos. 43-45.

Through its application, Swift seeks $3,710 in attorneys' fees (10.6 hours, at a rate of $350 per hour, for work performed by its attorney, Howard J. Klatsky, a senior

partner at the firm of Fee Smith & Sharp LLP). *See generally* Dkt. No. 43-1 (Klatsky's affidavit).

While Coleman's response [Dkt. No. 44] offers no credible reason not to grant Swift's application, the Court still must determine the appropriate lodestar, which, here, is calculated by multiplying the number of hours Swift's attorney reasonably spent "in preparing and filing its Motion to Compel Document Production from Plaintiff [Dkt. No. 28]," Dkt. No. 42, by a reasonable hourly rate, *see, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).

Under Rule 37(a)(5)(A), "a party seeking attorneys' fees may only recover for time spent in preparing and prosecuting the actual discovery motion – that is, the 'reasonable expenses incurred in making the motion, including attorney's fees.'" *Liberty Ins. Underwriters Inc. v. First Mercury Ins. Co.*, No. 3:17-cv-3029-M, 2019 WL 7900687, at *5 (N.D. Tex. Mar. 11, 2019) (quoting FED. R. CIV. P. 37(a)(5)(A)). "This includes time spent on additional briefing and any oral argument or hearing and can include '"fees on fees" for the time expended in filing a motion for attorneys' fees.'" *Id.* (quoting *Wysocki v. Dourian*, No. 2:17-cv-333-JAD-NJK, 2017 WL 4767145, at *2 (D. Nev. Oct. 20, 2017); citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2018 WL 3068172, at *3 (D. Kan. June 21, 2018)). But "[i]t is within the district court's wide discretion to award or deny fees on fees, based on its evaluation of the merits of the underlying fee request." *DaSilva v. U.S. Citizenship & Immigration Servs.*, 599 F. App'x 535, 544-43 (5th Cir. 2014) (citation omitted).

"A reasonable hourly rate is the prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett*, 285 F.3d at 368. Generally, the reasonable hourly rate for a community is established through affidavits of other attorneys practicing there. *See id.* But the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014).

In general, the party seeking reimbursement of attorneys' fees bears the burden to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 896 n.11; *but cf. Primrose Operating*, 382 F.3d at 562, as well as to establish the number of hours expended through the presentation of adequately recorded time records as evidence, *see Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

And movants seeking attorneys' fees are "charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours

charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (footnotes omitted).

The Court should use this reported time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended. *See id.*

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

Further, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (internal quotation marks omitted).

"Percentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for

particular services that are "duplicative." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dall. Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (footnote omitted)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See*

*Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800.

But, because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457.

And, in the end, the Court need only "provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up). So "rulings on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'" *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228-29 (5th Cir. 2008)). Instead, the district court's "analysis [must be] 'complete enough' for [the United States Court of Appeals for the Fifth Circuit] to review 'whether the court has used proper factual criteria in exercising its discretion to fix just compensation.'" *Id.* (quoting *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986)).

Here, Swift's fee application is supported by billing records attached to the declaration of its counsel; the records are supported by narrative descriptions of the work done and the number of hours that it took to complete the work; and counsel's declaration reflects an hourly rate that is reasonable and within the market rate for attorneys with this level of experience handling this type of litigation in the Dallas area.

But those billing records reflect work that is broader than "preparing and filing [Swift's February 28] Motion to Compel Document Production from Plaintiff [Dkt. No.

28]," Dkt. No. 42; *see, e.g.*, Dkt. No. 43-1 at 4-7 (reflecting time spent communicating with plaintiff regarding discovery prior to preparing the February 28 motion to compel; time spent preparing a subsequent sanctions motion, for which no attorneys' fees were awarded; and time spent preparing status reports that the Court did not require).

And, to the extent that some of these entries could be justified as "'fees on fees' for the time expended in filing a motion for attorneys' fees," *Liberty Ins. Underwriters*, 2019 WL 7900687, at *5 (cleaned up), the Court applies its discretion to deny fees on fees under these circumstances.

So, after carefully reviewing Swift's billing records, of the 10.6 hours requested, the Court finds 2.5 hours to be reasonable and necessary and not excessive, duplicative, or inadequately documented considering the limited scope of the fee award: "The Court will award expenses under Rule 37(a)(5)(A) by requiring Plaintiff Vikki R. Coleman pay Defendant Swift Transportation its reasonable attorneys' fees and costs incurred in preparing and filing its Motion to Compel Document Production from Plaintiff [Dkt. No. 28]." Dkt. No. 42.

And, so, the appropriate lodestar here is calculated as 2.5 hours at an hourly rate of $350, for a total of $875. And, while the undersigned has considered the *Johnson* factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. So the Court determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

In sum, the Court GRANTS IN PART AND DENIES IN PART Defendant's Application for Attorney's Fees and Costs [Dkt. No. 43] by ORDERING Plaintiff Vikki R. Coleman to pay Defendant Swift Transportation $875 in attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A) by **May 30, 2025**.

SO ORDERED.

DATE: March 19, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE