IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIKKI R. COLEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1729-G-BN |
| | § | |
| SWIFT TRANSPORTATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER ON REQUEST FOR CONTINUANCE AND THE THIRD MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

In this lawsuit that Senior United States District Judge A. Joe Fish has referred to the undesigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference, Defendant Swift Transportation has filed a third Motion to Compel Discovery from Plaintiff, asking the Court to order *pro se* Plaintiff Vikki R. Coleman to provide written responses and documents responsive to Swift's outstanding production requests and to provide a list of dates and times when she is available to appear for deposition well in advance of the discovery deadline (set for November 11, 2024). *See* Dkt. No. 46.

Swift also filed a Motion for Judgment on the Pleadings, Motion to Dismiss, and alternative Motion for Summary Judgment. *See* Dkt. No. 49.

Coleman has since filed a letter to the Court that was construed and docketed as a request for continuance. *See* Dkt. No. 52. Coleman's motion

- "pray[s] that the court will allow for a continuation in the matter";
- explains that "[t]his case has caused me extensive hardship in my life to

> survive, and I need a fair settlement";
> 
> - explains that "[a]ll the information requests as I understood were responded to with no feedback from Swift"; and
> 
> - explains that "[t]he request for a deposition only offered to take place in October was not possible for me"; that "[t]he months of October, November and December were not available on my schedule"; and that "I am available, December 2-20. 2024.during the A.M." and "am available after the first of the year," but that "I don't have an attorney, and I am not comfortable with appearing for a deposition."

Dkt. No. 52. Swift filed a response opposing the continuance request.

## I.   Coleman's Request for Continuance

Time has now passed, and Coleman has effectively obtained whatever additional time that she might have claimed to need. And she offers no other basis for a continuance, and so the Court denies her request for continuance [Dkt. No. 52]. And the Court will not insert or involve itself in any settlement discussions that the parties may have.

But, in light of her *pro se* status and the Court's lack of action of the pending matters until now, the Court sets a deadline of **April 18, 2025** for Coleman to respond to Swift's Motion for Judgment on the Pleadings, Motion to Dismiss, and alternative Motion for Summary Judgment [Dkt. No. 49]. **This deadline will not be extended.** If Coleman timely files a response, Swift may file any reply by no later than **May 3, 2025**.

## II.   Swift's Motion to Compel Discovery from Plaintiff

Coleman's proceeding *pro se* does not excuse her from appearing for a properly noticed deposition. She must cooperate with Swift's counsel in agreeing to a date and time for her deposition if Swift still seeks to take it.

-2-

And the Court previously ordered Coleman to, by Tuesday, March 26, 2024, serve on Swift's counsel complete responses (without objections) to all of the requests for production in Defendant's First Set of Requests for Production and produce all unproduced documents and electronically stored information that are responsive to the requests and that are in Coleman's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements. *See* Dkt. No. 34. Swift reports that Coleman did not comply with the terms of this Electronic Order, and has never provided responses to these requests or any documents responsive to these requests.

The Court now again orders Coleman to, by **April 9, 2025**, serve on Swift's counsel complete responses (without objections) to all of the requests for production in Defendant's First Set of Requests for Production and produce all unproduced documents and electronically stored information that are responsive to the requests and that are in Coleman's possession, custody, or control, in compliance with Federal Rule of Civil Procedure 34(b)'s requirements.

The Court grants Swift's Motion to Compel Discovery from Plaintiff [Dkt. No. 46] to the extent laid out above, but, under the circumstances, declines to award expenses under Federal Rule of Civil Procedure 37(a)(5) on this third motion to compel.

But Coleman is warned that, if she fails to comply with this order requiring her to comply with Swift's discovery requests, Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party ... fails to obey an order to provide or permit

discovery, ... the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

FED. R. CIV. P. 37(b)(2)(A)(i)-(vii).

Rule 37(b)(2)(C) further requires that, "[i]nstead of or in addition to the orders [described under Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

Rule 37(b) "is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey v. Acad. Moving & Storage, Inc.*,

423 F.2d 858, 860 (5th Cir. 1970). "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

Rule 37(b)(2) "empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, [Rule] 37(b)(2) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (cleaned up); *see also Chilcutt v. United States*, 4 F.3d 1313, 1322 n.23 (5th Cir. 1993) ("Rule 37(b) clearly indicates that district courts have authority to grant a broad spectrum of sanctions.").

"The district court has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith*, 685 F.3d at 488 (cleaned up). "This discretion, however, is limited" based on the type of sanctions imposed. *Id.*

The United States Court of Appeals for the Fifth Circuit has explained that its "caselaw imposes a heighted standard for litigation-ending sanctions (sometimes called 'death penalty' sanctions). For a lesser sanction, we broadly require the district court to determine the sanctions are 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (cleaned up).

The sanction imposed should be the least severe sanction adequate to achieve

the proper functions of Rule 37(b)(2) under the particular circumstances. *See Smith*, 685 F.3d at 488-90.

And the Fifth Circuit recently repeated its guidance that, "to levy a litigation-ending sanction for a discovery violation, the court must make four findings. *First*, the violation reflects bad faith or willfulness. *Second*, the client, not counsel, is responsible for the violation. *Third*, the violation substantially prejudiced the opposing party. *Fourth*, a lesser sanction would not substantially achieve the desired deterrent effect." *Vikas WSP, Ltd. v. Econ. Mud Prod. Co.*, 23 F.4th 442, 454 (5th Cir. 2022) (cleaned up); *accord Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988) ("We have repeatedly emphasized that a dismissal with prejudice is a 'draconian' remedy, or a 'remedy of the last resort,' to be employed only when the failure to comply with the court's order results from wilfullness or bad faith rather than from an inability to comply. Nevertheless, deliberate, repeated refusals to obey discovery orders have been held to warrant the use of this ultimate sanction." (cleaned up)); *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir. 1985) ("[D]ismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply.").

But "[l]esser sanctions do not require a finding of willfulness." *Smith*, 685 F.3d at 488. "Of course, the flagrancy of a party's behavior must be directly proportionate to the severity of the sanction imposed," but "the lack of willful, contumacious, or prolonged misconduct [does not] prohibit[] all sanctions." *Chilcutt*, 4 F.3d at 1322 n.23. Even where a party was "unable to comply with the discovery requests, the

district court still ha[s] broad discretion to mete out a lesser sanction than dismissal." *Id.* (cleaned up).

That is because "the type of conduct displayed by a party had no bearing on whether sanctions should be imposed, but only on the type of sanctions imposed," and "[t]he willfulness or good faith of [a party], can hardly affect the fact of noncompliance and [is] relevant only to the path which the District Court might follow in dealing with [the party's] failure to comply." *Id.* (cleaned up).

### III.   Coleman's *Pro Se* Status and the Court's Expectations

Finally, the Court notes that Coleman chose to exercise the right to prosecute this action without an attorney and, through that decision, undertook certain responsibilities, including:

(1) to be aware of the Federal Rules of Civil Procedure, the Northern District of Texas Local Civil Rules, and Standing Orders of this Court (all of which are available on the Court's website: http://www.txnd.uscourts.gov/rules-and-orders); *see also* N.D. TEX. L. CIV. R. 83.14 ("Any party proceeding on the party's own behalf is considered pro se. Pro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure.");

(2) to timely comply with any order issued by this Court; and

(3) to cooperate with counsel for other parties and participants.

As a *pro se* litigant, the Court may hold Coleman's filings to a less stringent standard than papers drafted and filed by an attorney. But this is Coleman's lawsuit. And, because she must ultimately prove an entitlement to relief, neither the Court

(or any of its staff) nor counsel for other litigants will serve as *de facto* counsel for him. *See Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) (explaining that "a district judge ... is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel").

Coleman is also cautioned that the Court possesses the power to impose sanctions – which can include dismissing this lawsuit – for failure to comply with orders of the Court and applicable rules of procedure, including those rules that govern discovery. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37.

Coleman is further cautioned that (1) the progress of this case will not be delayed because one side is without an attorney and (2) the Court will not be more inclined to grant extensions because one side is without an attorney.

Relatedly, Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

While the text of Rule 41(b) may not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute, *see Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992)), the Court specifically ORDERS

the parties to abide by the Court's local rules insofar as a provision of those rules is not modified by this order or another order of the Court in this case. So, as applicable, a failure to comply with the Court's local rules will also violate this order and subject the violation of the local rules to Rule 41(b).

And dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry*, 975 F.2d at 1191; *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (citations omitted).

SO ORDERED.

DATE: March 19, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE